UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

NRI 3 LLC a/k/a NRI THREE LLC,

       Plaintiff,

vs.                                 CASE NO.:

LANTANA INSURANCE LTD.,

       Defendant.
_____/

## DEFENDANT LANTANA INSURANCE LTD'S NOTICE OF REMOVAL

COMES NOW Defendant LANTANA INSURANCE LTD (hereinafter "LANTANA") by and through its undersigned counsel and pursuant to Sections 1332, 1441, and 1446 of Title 28 of the United States Code, Rule 81(c) of the Federal Rules of Civil Procedure, and Local Rule 7.2 for the United States District Court for the Southern District of Florida, hereby provides notice of the removal of this action from the 11th Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, Miami Division, and in support thereof states as follows:

## INTRODUCTION/FACTUAL BACKGROUND

1. On July 1, 2010, Plaintiff, NRI 3 LLC a/k/a NRI THREE LLC filed a lawsuit in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Civil Division, styled *NRI 3 LLC a/k/a NRI THREE LLC, Plaintiff, v. LANTANA INSURANCE LTD, Defendant*, Case Number 10-36465-CA-04 (hereinafter referred to as the "State Court Action".)

2. A copy of all process, substantive pleadings, and all orders served in the State Court Action are attached hereto as Exhibit "A".

3.      Defendant, LANTANA, first received notice of the State Court Action when they were served with Plaintiff, NRI 3 LLC a/k/a NRI THREE LLC's (hereinafter referred to collectively as "NRI 3" or "Plaintiff") Complaint on or about July 12, 2010.  This Notice is timely filed as it is filed within thirty (30) days of LANTANA's receipt of Plaintiff's Complaint.  Defendant has not previously filed a Notice of Removal of this matter in this Court.

4.      LANTANA'S response to this Complaint was due on August 2, 2010.

5.      Venue of this removal is proper under 28 U.S.C. § 1441(a) to the Southern District of Florida, Miami Division because the Circuit Court of Miami-Dade County, Florida is within the Southern District of Florida, Miami Division.

6.      Plaintiff pleads in its Complaint that "NRI was and is a Florida limited liability Company doing business in Miami-Dade County, Florida."  Plaintiff's Complaint at ¶2 attached hereto as part of Exhibit A.  Defendant, LANTANA, is a foreign corporation, with its principal place of business at Renaissance House, 8 East Broadway, Hamilton, O HM, Bermuda.  Because LANTANA is not a citizen of Florida, complete diversity of citizenship exists under 28 U.S.C. § 1332.

7.      Written notice of this filing is being promptly given to counsel for Plaintiff and a Notice of filing this Notice of Removal is being promptly filed with the Clerk of Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida as required by 28 U.S.C. § 1446(d).  A copy of the Notice is attached hereto as Exhibit "B".

## **MEMORANDUM OF LAW**

8.  This action may be removed pursuant to 28 U.S.C. § 1441(a) and this Court has original jurisdiction of this matter under the provisions of 28 U.S.C. §1332 because complete diversity of citizenship exists between the Plaintiff and Defendant.

9.  As explained in more detail below, the amount in controversy exceeds the jurisdictional requirement.

10. The amount in controversy, despite the dollar value of any damages claimed by Plaintiff, is "the value of the relief being sought by Plaintiff in its complaint." Viacom, Inc. v. Zebe, 882 F.Supp. 1063, 1065 (S.D. Fla. 1995). "It must appear to a legal certainty that the claim is really for less than the requisite jurisdictional amount to justify dismissal." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938); Santiesteban v. Goodyear Tire & Rubber, Co., 306 F.2d 9, 12 (5th Cir. 1962). There is sufficient evidence, as explained in more detail below, for this Court to determine that the amount in controversy requirement has been met.

11. Although specific damages are not sought in Plaintiff's Complaint, the insurance policy at issue represents funds in excess of $75,000.00, exclusive of attorney's fees. Plaintiff themselves have conceded that the amount of damages exceed $75,000.00, as evidenced by filing a Sworn Statement of Loss claiming damages of $506,781.71. The amount in controversy is further evidenced by the estimate of $984,272.19 that was submitted by Plaintiff after the parties agreed to an appraisal. LANTANA's position that the jurisdictional amount has been met in this matter is not an endorsement as to the accuracy of any of the allegations in Plaintiff's Complaint.

LANTANA makes no representations as to the merits of the claims alleged in Plaintiff's Complaint or the documents it has proffered to support its supplemental claim.

12. The allegations in Plaintiff's Complaint support that the amount in controversy in this matter is in excess of the jurisdictional amount. Plaintiff alleges in its Complaint that "This is an action for damages in excess of $15,000.00 exclusive of interest, costs and attorneys' fees." Plaintiff's Compl. at ¶1.

13. Accordingly, all of the prerequisites for removal under 28 U.S.C. §1441 have been satisfied. However, if any question arises as to the propriety of the removal of this action, LANTANA requests the opportunity to present further evidence and legal authority in support of its position.

## CONCLUSION

14. It is proper for this Court to exercise subject matter jurisdiction over this matter as diversity jurisdiction exists because the amount in controversy requirement exceeds the jurisdictional amount, and complete diversity of citizenship exists between the Plaintiff and the Defendant.

WHEREFORE, the Defendant, LANTANA INSURANCE LTD., respectfully requests that the action now pending in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida be removed to the United States District Court for the Southern District of Florida,

Miami Division, and further requests that this Court assume jurisdiction over this action as provided by law.

Dated:  July 14, 2010
Tampa, Florida

                          Respectfully submitted,

                          /s/ Bruce A. Aebel
                          Bruce A. Aebel
                          Florida Bar No: 0066435
                          BANKER LOPEZ GASSLER P.A.
                          501 E. Kennedy Blvd., Suite 1500
                          Tampa, FL  33602
                          (813) 221-1500
                          Fax No: (813) 222-3066
                          Email: baebel@bankerlopez.com
                          Attorneys for Defendant

**[THIS SPACE HAS BEEN INTENTIONALLY LEFT BLANK]**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 14, 2010, I electronically filed the foregoing with the Clerk of Court for filing and uploading to the CM/ECF system.  I further certify that I mailed the foregoing document to the following participants:

>Michael J. Higer, Esquire
>Valorie S. Chavin, Esquire
>Higer Lichter & Givner, LLP
>Attorneys for Plaintiff
>18305 Biscayne Blvd., Suite 402
>Aventura, FL  33160
>Telephone:  (305) 933-9970
>Fax:  (305) 933-0998

>/s/ Bruce A. Aebel_____
>Bruce A. Aebel
>Florida Bar No: 0066435
>BANKER LOPEZ GASSLER P.A.
>501 E. Kennedy Blvd., Suite 1500
>Tampa, FL  33602
>(813) 221-1500
>Fax No: (813) 222-3066
>Email: baebel@bankerlopez.com
>Attorneys for Defendant